In the Matter of the Final Judicial Settlement of the Account
of ELIZABETH K. BAKER, as Sole Executrix, etc., of FANNIE
M. ELDREDGE, Deceased.

ELIZABETH K. BAKER, Individually and as Executrix, etc.,
         Appellant; WILLIAM COLE, Respondent.

(*Supreme Court, Appellate Division, Third Department, July* 1, 1915.)

WILL—CONSTRUCTION.*

    A testatrix in one paragraph of her will gave to each of the surviving
sons (Frank and William) of her brother $1,000, to be paid from her
personal estate or from rentals of her real estate, and in said paragraph
directs how the legacy to Frank is to be paid. In the next paragraph of
her will she gave $1,000 in trust for the support and maintenance of
William. Provisions of the will construed, and

    *Held*, that the testatrix intended that the legacy given to William by
the first paragraph should be held in trust for him under the next para-
graph, and that he should not receive $1,000 and an additional $1,000
in trust under the second paragraph.

APPEAL by Elizabeth K. Baker, individually and as execu-
trix, etc., from part of a decree of the Surrogate's Court of
Chenango county, entered, in said Surrogate's Court on the 23d
day of December, 1914.

Eugene Clinton, for the appellant.

David F. Lee, for the respondent.

KELLOGG, J.—The decree establishes that under the will of
Fannie M. Eldredge her nephew, William Cole, is entitled to a
legacy of $1,000 absolutely under the 9th paragraph, payable to
him September 10, 1914, and $1,000 which is to be held in trust
under the 10th paragraph with the appellant Elizabeth King
Baker for his benefit. The proper construction of the will in

* See note Vol. 13, p. 545.

that respect is the only question for consideration. We quote the 9th and 10th paragraphs:

"*Ninth.* To each of the surviving sons of my brother Richard and his wife Mary Cunningham, that is Frank Cole and William Cole, of Norwich, N. Y., if each of them survive me, I give and bequeath the sum of one thousand dollars, to be paid out by (*sic*) my personal estate, and if there be no personal estate sufficient for the payment thereof then I charge such sum as may be sufficient upon the rentals of my store properties hereinafter devised. I direct such sums to be paid as follows: To Frank Cole one-half or five hundred dollars to be paid without interest five years from the date of my death, and the remaining one-half ($500) to be paid ten years from the date of my death without interest. In case, at the time of my death, the said Frank Cole shall have died leaving his daughter Mary Cole Curnalia surviving, then I will the said daughter to have her father's share under the same conditions, and if neither be living, then such gift is to lapse and become a part of my residuary estate.

"*Tenth.* I give and bequeath to Elizabeth King Baker the sum of one thousand dollars, in trust, for the purposes hereinafter stated, viz: To invest and reinvest and keep the same invested as she may deem best, and to pay and use such part and parts of said net income, and such part and parts of the principal, except as hereinafter stated, as she may deem best, not exceeding one hundred dollars in any one year, for the support and maintenance of William R. Cole of Norwich, N. Y., during his natural life. Providing, however, that no part of the income or principal shall be used for the payment of any debt or liability of the said William R. Cole. And no part of the said income or principal shall be subject to any legal process for the collection of any debt or liability of the said William R. Cole. The said trustee may furnish and provide for the support, care and maintenance of the said William R. Cole in such manner and form as she may deem best, sub-

ject to the limitation hereinbefore mentioned. I hereby will and direct, that said trustee retain two hundred dollars of the principal of said trust fund, the same, or so much thereof as may be necessary, to be used by said trustee for the burial expense of the said William R. Cole.

" I further will and direct that whatever remains of the said one thousand dollars, if any, at the termination of the said trust, be paid by said trustee to said Mary Cole Curnalia under the same conditions as that which is bequeathed to her father."

No reason is suggested why the aunt should give to William $2,000 and to his brother Frank but $1,000. William was an intemperate man, and apparently it was not safe to permit him to have the expenditure of any considerable sum of money. The testatrix evidently felt that a direct legacy to Frank would be properly used by him. The 9th paragraph, after giving to each of her nephews $1,000, directs such sums to be paid as follows: Frank is to receive $500 without interest five years from her death and the remaining half in ten years. While the 9th paragraph purports to direct how both the legacies are to be paid, it directs only as to the payments to Frank, and we naturally look to the remainder of the will to find a direction as to when and how the legacy to William is to be paid. If the matter contained in the 10th paragraph had been inserted in the 9th without being made a separate paragraph, it would seem clear that the money to be paid to Elizabeth King Baker in trust for William was a direction of the manner in which the $1,000 was to be paid to him. But it is easy to disregard the division of the will into paragraphs and to ascertain from the language used and the situation of the parties the testatrix's intent.

By the 10th paragraph $1,000 is given to Elizabeth King Baker in trust for William, and she may spend not to exceed $100 a year from the principal and interest for his maintenance or may give it to him for that purpose during his lifetime. The testatrix was solicitous that no part of it should go to pay

his debts, and the trustee is given the power to disburse the moneys herself for his support and is to retain $200 of the principal for his burial. Upon William's death the balance of the fund not used is intended for the daughter of Frank.

The will discloses that testatrix felt it would not benefit William to give him money outright; that it would either go to his creditors or would be wasted by him. It is, therefore, improbable that she would give $1,000 outright and also the benefits of the trust fund, giving to him twice the amount given to his more worthy brother. The 9th paragraph shows that she intended to make specific provisions as to how the legacy to William should be paid, and the 10th paragraph contains the only direction in the will as to such payments. We conclude, therefore, that the 10th paragraph of the will is a direction as to the manner in which the $1,000, intended for the benefit of William, in the 9th paragraph shall be paid and that the will provides but $1,000 for his benefit.

The part of the decree, therefore, which adjudges that the $1,000 given to William by the 9th paragraph of the will was due and payable within one year from the date of the probate of the will is reversed and the decree is modified so as to provide that the $1,000 given to William Cole in the 9th paragraph of the will is payable to Elizabeth King Baker in trust under the 10th paragraph of the will, and that but $1,000 is given for the benefit of William Cole, and as so modified said decree is affirmed, with costs to the appellant to be paid from the estate.

All concurred.

Decree reversed in part and modified in part as per opinion.